IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES,                              3:07-CR-00050-BR

       Plaintiff,                       OPINION AND ORDER

v.

PABLO BARAJAS LOPEZ,

       Defendant.

**BILLY J. WILLIAMS**
United States Attorney
**KATHLEEN L. BICKERS**
Assistant United States Attorneys
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

1 - OPINION AND ORDER

**BRYAN E. LESSLEY**
Assistant Federal Defender
859 Willamette Street
Suite 200
Eugene, OR 97401
(541) 465-6937

       Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant Pablo Barajas Lopez's Motion (#752) to Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment to Drugs Quantity Table under Retroactive Amendment 782 Effective November 1, 2015.

    For the reasons that follow, the Court **DENIES** Defendant's Motion but **GRANTS** Defendant a certificate of appealability.

## BACKGROUND

    On August 20, 2009, Defendant Sergio Aguilar-Sahagun was charged in a Third Superseding Indictment with one count of Conspiracy to Possess with Intent to Distribute Methamphetamine, Cocaine, and Heroin and one count of Distribution of Cocaine.

    On October 8, 2009, a jury entered a Verdict finding Defendant guilty of Conspiracy to Possess with Intent to Distribute Methamphetamine.

    The Presentence Report (PSR) dated April 8, 2010, recommended a Base Offense Level of 38 plus a two-level firearms

2 - OPINION AND ORDER

adjustment and a three-level leadership adjustment for a Total Offense Level of 43.  At Criminal History Category I, the advisory United States Sentencing Guidelines (U.S.S.G.) range was life imprisonment.

On May 5, 2011, the Court determined Defendant's criminal history category was I and the applicable conduct of 15 kilograms of a mixture or substance containing methamphetamine resulted in a base offense level of 38.  The Court added a two-level firearms adjustment and a two-level leadership adjustment for a total offense level of 42, resulting in an advisory Sentencing Guidelines range of 360 months to life imprisonment.  The Court varied Defendant's sentence downward and sentenced Defendant to a 180-month term of imprisonment.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified U.S.S.G. § 2D1.1 to lower the sentencing range for certain categories of drug-related offenses.  The Sentencing Commission also adopted Amendment 788 effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants who were sentenced before its effective date.

On November 2, 2015, Defendant filed a Motion to Modify Sentence based on Amendment 782.  The Court took the matter under advisement on February 20, 2016.

**DISCUSSION**

Pursuant to Amendment 782 Defendant seeks a two-level reduction in his sentence to 135 months.  The government asserts even if Defendant's guideline range is affected by Amendment 782, he would be eligible for a reduction to 292 months at most.  According to the government, any further reduction of Defendant's sentence would violate the policy set out in U.S.S.G. § 1B1.10(b)(2)(A) and would exceed the Court's authority to modify a sentence under 18 U.S.C. § 3582(c).

Defendant, in turn, argues he is entitled to a reduction in his sentence to 135 months notwithstanding § 1B1.10(b)(2)(A) because application of § 1B1.10(b)(2)(A) to his sentence would (1) create an "irreconcilable conflict" with 8 U.S.C. § 991, the implementing regulation, and (2) violate the Equal Protection Clause.  Defendant also asserts the doctrine of constitutional avoidance requires the Court to interpret § 1B1.10 to avoid constitutional concerns.

**I.   Sentence Modification Authority.**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'"  *Dillon v. United States*, 560 U.S. 817, 819 (2010)(quoting 18 U.S.C. § 3582(c)).  "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by

4 - OPINION AND ORDER

the Sentencing Commission.'"  *Dillon*, 560 U.S. at 819 (quoting § 3582(c)(2)).

As noted, effective November 1, 2014, the Sentencing Commission modified § 2D1.1 to lower the sentencing range for certain categories of drug-related offenses, and the Commission authorized retroactive application of Amendment 782 to defendants who were sentenced before its effective date.

When the Sentencing Commission lowers a sentencing range as it did with Amendment 782, 18 U.S.C. § 3582(c)(2) authorizes a court to reduce a defendant's term of imprisonment only after the court finds such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  The court must then determine whether the sentence should be reduced based on factors set out in 18 U.S.C. § 3553(a).  *Dillon*, 560 U.S. at 826.

The Sentencing Commission policy statement at issue here is U.S.S.G. § 1B1.10, which provides in pertinent part:

> (b) Determination of Reduction in Term of Imprisonment.--
>
> > (1) In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were

5 - OPINION AND ORDER

>    applied when the defendant was sentenced and
>    shall leave all other guideline application
>    decisions unaffected.
>
>    (2) Limitation and Prohibition on Extent of
>    Reduction.--
>
>       (A) Limitation.-- . . . the court shall
>       not reduce the defendant's term of
>       imprisonment . . . to a term that is
>       *less than the minimum of the amended
>       guideline range* determined under
>       subdivision (1) of this subsection.
>
>       (B)  Exception for Substantial
>       Assistance.--If the term of imprisonment
>       imposed was less than the term of
>       imprisonment provided by the guideline
>       range applicable to the defendant at the
>       time of sentencing pursuant to a
>       government motion to reflect the
>       defendant's substantial assistance to
>       authorities, a reduction comparably less
>       than the amended guideline range
>       determined under subdivision (1) of this
>       subsection may be appropriate.

Emphasis added.  Application Note 1(A) explains in pertinent part:

>    Eligibility for consideration under 18 U.S.C.
>    3582(c)(2) is triggered only by an amendment
>    listed in subsection (d) that lowers the
>    applicable guideline range (*i.e.*, the guideline
>    range that corresponds to the offense level and
>    criminal history category determined pursuant to
>    1B1.1(a), which is determined before consideration
>    of any departure provision in the Guidelines
>    Manual or any variance).  Accordingly, a reduction
>    in the defendant's term of imprisonment is not
>    authorized under 18 U.S.C. 3582(c)(2) and is not
>    consistent with this policy statement if: . . .
>    (ii) an amendment listed in subsection (d) is
>    applicable to the defendant but the amendment does
>    not have the effect of lowering the defendant's
>    applicable guideline range.

6 - OPINION AND ORDER

**II. Departures and variances are not "guideline application decisions" and are not included in the "amended guideline range."**

As noted, when the court considers a sentence modification pursuant to a retroactive change in the Sentencing Guidelines, § 1B1.10(b)(1) provides the changed provision is incorporated and "all other guideline application decisions" must remain unaffected. Defendant asserts variances and departures are "guideline application decisions" that must remain unaffected. According to Defendant, therefore, variances and noncooperation departures should be included in calculating the "amended guideline range."

For the reasons this Court set out in *United States v. Castaneda*, 3:11-CR-412-BR, and *United States v. Aguilar-Sahagan*, 3:10-CR-00311-BR, and Judge Michael Simon set out in *United States v. Gorgatenko*, 3:10-CR-00396-SI, the Court concludes the terms "guideline application decision" and "amended guideline range" are not ambiguous with respect to the inclusion of departures and variances when the Court considers the text of § 1B1.10, its application notes, the text of the previous version of § 1B1.10, and the applicable case law. Considering these sources together, the Court concludes § 1B1.10 unambiguously does not include departures and variances in the amended guideline range.

7 - OPINION AND ORDER

**III. Application of § 1B1.10(b)(2)(A) does not violate the implementing regulation.**

As noted, Defendant asserts application of § 1B1.10(b)(2)(A) under the circumstances of his case would create an "irreconcilable conflict" with 28 U.S.C. § 991(b), the implementing regulation, if the Court concludes § 1B1.10 does not include departures and variances.  Specifically, § 991(b) mandates in pertinent part that one of the purposes of the United States Sentencing Commission is to avoid "unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct."  28 U.S.C. § 991(b)(1)(B).  Defendant asserts an interpretation of § 1B1.10 that permits courts to grant sentence reductions to people who did not receive variances and noncooperation departures and requires courts to deny reductions to people who received such variances and departures would nullify the sentencing determinations previously made by the sentencing court and create unwarranted disparities.

For the reasons this Court set out in *Castaneda* and *Aguilar-Sahagan*; explained by Judge Simon in *Gorgatenko*; and also explained by the court in *United States v. Rodriguez*, No. 12cr1121-LAB, 2015 WL 4235363 (S.D. Cal. July 8, 2015), this Court concludes the limitation in § 1B1.10(b)(2)(A) that precludes consideration of variances and noncooperation departures in the context of a sentence modification under 18

8 - OPINION AND ORDER

U.S.C. § 3582(c) does not conflict with 18 U.S.C. § 991(b).

## IV. Application of § 1B1.10(b)(2)(A) does not violate the Equal Protection Clause.

To the extent that the Court concludes § 1B1.10(b)(2) prohibits courts from reducing sentences based on previously-imposed variances and noncooperation departures, Defendant also asserts application of § 1B1.10(b)(2)(A) to Defendant's case violates his right to equal protection.

### A. The rational-basis test applies.

"'The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws.'" *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015)(quoting *United States v. Windsor*, 133 S. Ct. 2675, 2695 (2013)).

Defendant, however, does not assert he is a member of a suspect class.  In addition, Defendant cannot establish he is being deprived of a fundamental right because a defendant does not have a constitutional right to a sentence reduction based on subsequent guideline amendments.  *See Dillon*, 560 U.S. at 827-28 (§ 3582 is a "narrow exception to the rule of finality," and sentencing modification proceedings under that statute "are not constitutionally compelled.").  The Court, therefore, concludes Defendant's equal-protection challenge to § 1B1.10(b) is subject to a rational-basis review.  *See, e.g., United States v. Johnson*,

9 - OPINION AND ORDER

626 F.3d 1085, 1088 (9th Cir. 2010)("We apply the rational basis standard of review to Equal Protection challenges to the Sentencing Guidelines based on a comparison of allegedly disparate sentences.").

Under rational-basis review the challenged classification "must be upheld against equal protection challenge 'if there is *any reasonably conceivable state of facts* that could provide a rational basis for the classification.'" *United States v. Ellsworth*, 456 F.3d 1146, 1150 (9th Cir. 2006)(quoting *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)(emphasis in *Ellsworth*)). "A classification . . . cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Armour v. City of Indianapolis*, 132 S. Ct. 2073, 2080 (2012). "[T]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Id.* (quotations omitted).

B. **Analysis**.

For the reasons this Court set out in *Castaneda* and *Aguilar-Sahagan* and for the reasons set out by Judge Simon in *Gorgatenko*; Judge Owen Panner in *United States v. Garcia-Uribe,* 08-CR-30039-PA; Judge Michael Mosman in *United States v. Heckman*, 10-CR-143-MO, and *United States v. Padilla-Diaz*, 08-CR-126-MO; and Chief Judge Ann Aiken in *United States v. Mahan*, 06-CR-60045-

10 - OPINION AND ORDER

AA, the Court concludes the government has established there is a rational relationship between the disparity of treatment of defendants in § 1B1.10 and a legitimate governmental purpose. Specifically, the Sentencing Commission found the distinction between departures and variances was "'difficult to apply' and 'prompted litigation.'" *United States v. Gonzalez*, No. 10CR1009-LAB 2015 WL 4760286, at *1 n.1 (S.D. Cal. Aug. 11, 2015)(quoting Notice of Final Action Regarding Amendment to Policy Statement 181.10, 76 Fed. Reg. 41332, 41332, 41334 (July 13, 2011)). The Commission was also "concerned that retroactively amending the guidelines could result in a windfall for defendants who had already received a departure or variance, especially one that took into account the disparity in treatment between powder and crack cocaine." *Davis*, 739 F.3d at 1225. Defendant has not negated "every conceivable basis which might support" the Commission's decision prohibiting reductions below the amended guidelines range except in the case of substantial assistance nor has Defendant established there is not "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Ellsworth*, 456 F.3d at 1150. As the Supreme Court has noted "'equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.' [When] rational basis review applies and 'there are plausible reasons for Congress' action, our inquiry is at an

11 - OPINION AND ORDER

end.'"  *Novak v. United States*, 795 F.3d 1012, 1023 (9th Cir. 2015)(quoting *FCC*, 508 U.S. at 313-14).

Accordingly, the Court concludes application of § 1B1.10(b)(2)(A) to Defendant does not violate his right to equal protection.

**V.  Constitutional Avoidance**.

Finally, Defendant asserts the Court does not need to resolve Defendant's equal-protection challenge if it instead applies the doctrine of constitutional avoidance.  Defendant asserts he has raised "serious questions" regarding the constitutionality of interpreting § 1B1.10 to prohibit consideration of variances and noncooperation departures and contends the Court should interpret the policy statement in a manner that avoids these constitutional questions.  Specifically, Defendant asserts under the doctrine of constitutional avoidance the Court should interpret "amended guidelines range" to include previously-imposed variances and departures.  The Court, however, has not found there is a constitutional violation nor under rational-basis review that there are serious questions regarding the constitutionality of § 1B1.10 to the extent that it prohibits consideration of variances and noncooperation departures.  The Court, therefore, declines to apply the doctrine of constitutional avoidance.

**VI. Certificate of Appealability**

Because the legal issues raised in Defendant's Motion are not clearly established and because Defendant's arguments have the possibility of reasonable disagreement, the Court grants Defendant a certificate of appealability.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#752) to Modify an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment to Drugs Quantity Table under Retroactive Amendment 782 Effective November 1, 2015, and **GRANTS** Defendant a certificate of appealability.

IT IS SO ORDERED.

DATED this 31st day of March, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge